UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK ADAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 23-1063-CSB |
| | ) |
| MINDI NURSE, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff Patrick Adair, proceeding *pro se*, is currently a detainee at the Will County Adult Detention Facility. However, the events that form the basis for this suit occurred when Plaintiff was housed at the Illinois Department of Corrections' ("IDOC") Pontiac Correctional Center ("Pontiac").

The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

1

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that, on December 7, 2022, he informed staff at Pontiac that he was suicidal. Thereafter, Lt. Gish arrived to take him to an observation cell, but Plaintiff told Lt. Gish that, if Lt. Gish placed him in a cell without a light and with no running water, he would engage in self-harm and would file a grievance against Lt. Gish. In retaliation for these threats, Plaintiff alleges that Lt. Gish left Plaintiff shackled and in handcuffs for an extended period of time. Plaintiff also alleges that Lt. Gish warned him that, if he filed a grievance, Lt. Gish would kill Plaintiff himself.

Thereafter, Plaintiff claims that the Emergency Response Team ("ERT") arrived at his cell. Plaintiff alleges that members of the ERT placed him in a cell with no working light and mocked him by telling him to go ahead and to kill himself. Plaintiff avers that he then cut himself in a suicide attempt, but none of the ERT members provided any medical attention to him.

Plaintiff's Complaint states a claim for retaliation in violation of his First Amendment rights against Lt. Gish.[1]

---

[1] Plaintiff claims that Lt. Miller continued the retaliation against him after Lt. Gish left for the day, but Plaintiff has failed to include any facts demonstrating how Lt. Miller retaliated against him. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Lt. Miller.

Plaintiff asks the Court to allow Warden Mindi Nurse to remain as a party Defendant and to require Warden Nurse to identify all of the members of the ERT and other Pontiac staff members who were working and with whom he had interaction on the relevant days.

However, that is not Warden Nurse's responsibility, and there is no provision io the Federal Rules that would require her to do so. Instead, it is Plaintiff's responsibility to identify and to name the person or persons that he claims violated his Constitutional rights and to name that person or those persons in his Complaint. Later, the Court will enter a Scheduling Order that should assist Plaintiff in identifying all of the individuals whom he believes should be party Defendants in this case. Thereafter, Plaintiff may seek leave to file an amended complaint to add these individuals as Defendants. Until then, this case may only proceed as set forth by the Court *supra*.

**IT IS, THEREFORE, ORDERED:**

    1.    Pursuant to its merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that the Complaint states a claim for retaliation in violation of his First Amendment rights against Lt. Gish. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.    The Clerk of the Court is directed to add Lt. Gish as a party Defendant and to effect service of process upon Lt. Gish pursuant to the Court's standard procedures.

3. The Clerk of the Court is further directed to dismiss all other named Defendants because Plaintiff's Complaint fails to state a claim against them upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service to him. Defendant has sixty (60) days from the date that the waiver is sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendant shall file an answer within sixty (60) days of the date that the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.     If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.     The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 6th day of March, 2023

_____/s Colin S. Bruce_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE